IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEON'S AUTO SALES, INC. d/b/a THE AUTO WAREHOUSE, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 15 C 3069 ) |
| LEEDOM AND ASSOCIATES, LLC, LEEDOM MANAGEMENT GROUP, INC., AUTOLAW GROUP, PA, and DEBRA DAWN, | ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Leon's Auto Sales, Inc. filed suit in Illinois state court against Leedom and Associates, LLC, Leedom Management Group, Inc., Autolaw Group, and Debra Dawn in the Circuit Court of Cook County. Leon's asserts claims for unauthorized practice of law, conspiracy to engage in unauthorized practice of law, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFDBPA), conspiracy to violate the ICFDBPA, negligence, and breach of contract. Defendants removed the case to federal court based on diversity of citizenship.

Defendants have moved to dismiss for lack of personal jurisdiction, lack of proper venue, and failure to state a claim. The Court concludes that venue is improper and thus need not address the other grounds for dismissal.

### Background

The Court takes the following allegations from the complaint filed by Leon's. In

June 2013, Leon's, an automobile dealer, sent two of its representatives to attend a two-day presentation in San Francisco, California hosted by Leedom's Twenty Groups – The Finance Masters, an entity related to Leedom and Associates. At the presentation, representatives of Leon's attended a two hour presentation put on by Debra Dawn, an attorney who is affiliated with Autolaw (a law firm) and Leedom. During the presentation, Dawn discussed compliance with various consumer regulatory agencies' rules and regulations. She urged those in attendance to have a compliance audit performed by professionals with expertise in regulatory compliance and informed the attendees that she specialized in such reviews. After the presentation, the representatives of Leon's asked Dawn to perform a compliance audit.

Later in June 2013, Dawn contacted Leon's about performing the requested compliance audit in late September 2013. Dawn sent Leon's a draft contract entitled "Compliance Audit Contract" and asked for a payment of $5,000. The draft contract contained a choice of law and forum selection clause stating that "[t]his Contract, and any arbitration or litigation arising therefrom, shall be governed by the law of the State of Florida. Proper venue shall, and Client agrees to be subject to, a court of competent jurisdiction for Sarasota County, Florida." Def.'s Jt. Mot. to Dismiss, Ex. B.

Leon's says that it did not sign the draft contract. In its complaint, however, Leon's alleges that in late September 2013, Leedom sent Dawn to Leon's office in Chicago to perform the compliance audit Leon's had requested. After the audit, Leedom sent Leon's an invoice in the amount of $6,338.82 for the audit and related travel expenses, the amount called for by the contract. Leon's says that it paid Leedom in full.

2

In November 2013, a customer named Marquita Purnell purchased a car from Leon's. Leon's says that it documented the purchase with a form contract that Dawn had reviewed during the compliance audit. Purnell later sued Leon's on the ground that the form contract violated the Federal Truth in Lending Act. After these events, attorneys for Leon's reviewed the form contract that Dawn had reviewed and discovered the contract did not comply with several state and federal laws. Leon's subsequently filed this suit.

Leon's alleges that Leedom, Leedom Management Group (LMG), Autolaw, and Dawn engaged in and conspired to engage in the unauthorized practice of law because they knew Dawn was not authorized to practice law in Illinois, but nonetheless sent her to perform legal services for Leon's in this state. Leon's further contends that Leedom, LMG, Autolaw, and Dawn violated and conspired to violate the ICFDBPA because their failure to inform Leon's, among other things, that they were not licensed to provide legal services in Illinois constituted a deceptive business practice. Leon's also contends that Autolaw and Dawn committed legal malpractice when they provided Leon's with a form contract that violated federal and state law. Leon's contends that Leedom and LMG are vicariously liable for Dawn's negligence. Finally, Leon's contends that Leedom and LMG are liable for breach of contract because they failed to provide a proper compliance audit as required by the contract.

In their motion to dismiss, defendants argue that the Court should dismiss all of Leon's claims because the contract's forum selection clause provides that the proper venue for suit is a court of competent jurisdiction for Sarasota County, Florida. Leon's responds that the forum selection clause is not enforceable because the contract was

3

never signed. Leon's also argues that the forum selection clause is permissive rather than mandatory and thus does not require dismissal of this case despite its filing in Illinois.

## Discussion

A motion to dismiss based on a forum selection clause is treated as a Rule 12(b)(3) motion to dismiss for improper venue. *Auto. Mechanics Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.,* 502 F.3d 740, 746 (7th Cir. 2007). The plaintiff bears the burden of establishing that venue is proper. *Interlease Aviation Invs. II (Aloha) LLC v. Vanguard Airlines, Inc.,* 262 F. Supp. 2d 898, 913 (N.D. Ill. 2012). When evaluating a Rule 12(b)(3) motion, a court may consider facts beyond the complaint but accepts the plaintiff's allegations as true and resolves any factual conflicts in the plaintiff's favor. *Moore v. AT&T Latin Am. Corp.,* 177 F. Supp. 2d 785, 788 (N.D. Ill. 2001).

### 1. The unsigned contract

As indicated earlier, Leon's contends that the contractual forum selection provision is unenforceable because it never executed the contract. But a written contract does not necessarily have to be signed in order to be binding on the contract's parties. Whether an unsigned writing constitutes a binding contract depends on the parties' intention, and a party's assent to an unsigned writing's terms can be shown in other ways, including by the party's conduct. *See Hedlund & Hanley, LLC v. Bd. of Trs. of Cmty. Coll. Dist. No. 508,* 376 Ill. App. 3d 200, 206, 876 N.E.2d 1, 6 (2007). "[A] party named in a contract may, by his acts and conduct, indicate his assent to its terms and become bound by its provisions even though he has not signed it." *Landmark*

*Props., Inc. v. Architects Int'l–Chicago,* 172 Ill. App. 3d 379, 383, 523 N.E.2d 603, 606 (1988) (parties were bound by conduct to the terms of an unsigned contract because correspondence indicated that all services were performed and payment would be forthcoming). Similarly, under Florida law, unsigned contracts and their terms are binding where both parties have performed under the contract. *Sosa v. Shearform Mfg.,* 784 So. 2d 609, 610 (Fla. Dist. Ct. App. 2001); *Gateway Cable T.V., Inc. v. Vikoa Constr. Corp.,* 253 So. 2d 461, 463 (Fla. Dist. Ct. App. 1971).

In this case, Leon's concedes that it received the contract. *See* Compl. ¶¶ 31-33 & Ex. 2; Defs.' Ex. B. Leon's also concedes that Dawn performed the compliance audit contemplated by the unsigned contract and that it paid the specified fee in full. Compl. ¶ 35. In short, all concerned acted as if the contract was in effect and performed their obligations, even if incompetently, as Leon's alleges. The Court concludes for purposes of the motion to dismiss that the contract's terms are binding under both Illinois and Florida law.

**2.     Choice of law**

The next question is which state's law governs the question of whether the claims Leon's asserts must be litigated in a court in Florida. The contract contains a Florida choice of law clause. Thus the real question is whether that clause is enforceable. Both Florida and Illinois law generally presume a contractual choice of law clause is enforceable if the underlying contract is valid. *See Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.,* 199 Ill. 2d 325, 351, 770 N.E.2d 177, 194 (2002) ("Generally, choice of law provisions will be honored"); *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours and Co.,* 761 So. 2d 306, 311 (Fla. 2000) ("the choice of law provision is

5

presumptively valid"). Because the law of the two states is effectively the same, the Court need not concern itself with which state's law governs the enforceability of the choice of law provision. See *Midwest Grain Prods. of Ill., Inc. v. Productization, Inc.,* 228 F.3d 784, 787 (7th Cir. 2000) (federal court sitting in diversity applies choice of law rules of forum state); *Kramer v. Weedhopper of Utah, Inc.,* 204 Ill. App. 3d 469, 474, 562 N.E.2d 271, 274 (1990) (Illinois law requires a choice of law determination only when the choice will make a difference in the outcome)

Leon's has offered no reason why the Court should not enforce the contract's choice of law provision. The Court concludes that the provision is enforceable and therefore will apply Florida law in assessing the validity of, and interpreting, the contract's forum selection clause.

### 3. The forum selection clause

Under Florida law, a forum selection clause "should be enforced in the absence of a showing that enforcement would be unreasonable or unjust." *Manrique v. Fabbri*, 493 So. 2d 437, 440 (Fla. 1986). Florida courts follow the Supreme Court's test for determining unreasonableness of forum selection clauses developed in *The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1 (1972). "[T]he test of unreasonableness is not mere inconvenience or additional expense . . . as noted by the [Supreme] Court in *Zapata*." *Manrique,* 493 So. 2d at 440. Under *Zapata*, it is

> incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain.

*Zapata*, 407 U.S. at 18.

Leon's makes no argument that requiring it to pursue its claims in Florida will effectively deprive it of its day in court. For this reason, the presumption favoring the enforceability of the contract's forum selection clause carries the day.

The final question is whether the forum selection clause applies to the claims Leon's has asserted in this case. Florida law draws a distinction between mandatory and permissive forum selection clauses. *See Celistics, LLC v. Gonzalez,* 22 So. 3d 824, 825 (Fla. Dist. Ct. App. 2009) ("[M]andatory forum selection clauses provide 'for a mandatory and exclusive place for future litigation, whereas permissive forum selection clauses 'constitute nothing more than a consent to jurisdiction and venue in the named forum and do not exclude jurisdiction or venue in any other forum.'") (quoting *Garcia Granados Quinones v. Swiss Bank Corp. (Overseas), S.A.*, 509 So. 2d 273, 274-75 (Fla. 1987). The word "shall" is a word of exclusivity that causes a forum selection clause to "most reasonably interpreted to mandate venue." *See Slater v. Energy Servs. Grp. Int'l, Inc.,* 634 F.3d 1326, 1330 (11th Cir. 2011); *Global Satellite Commc'n Co. v. Starmill U.K. Ltd.,* 378 F.3d 1269, 1272 (11th Cir. 2004). The forum selection clause in the parties' contract says that "proper venue shall, and Client agrees to be subject to, a court of competent jurisdiction for Sarasota County, Florida." Defs.' Jt. Mot. to Dismiss, Ex. B. Because the forum selection clause contains the imperative "shall," it is "most reasonably interpreted to mandate venue." *Slater,* 634 F.3d at 1330.

The forum selection clause applies to "any arbitration or litigation arising" from the contract. Defs.' Jt. Mot. to Dismiss, Ex. B. The contract provided for a compliance audit, and all of the claims that Leon's asserts involve the conduct of the compliance audit or deception by defendants relating to the contract or the audit. Thus it is rather

7

apparent that all the claims Leon's asserts arise from the contract. Indeed, Leon's does not argue otherwise. The contract therefore requires the claims to be litigated in a court (federal or state) of competent jurisdiction for Sarasota County, Florida.

## Conclusion

For the reasons stated above, the Court concludes that this case was filed in an improper venue. Thus the Court need not deal with the other arguments defendants make for dismissal. The Court may, rather than dismissing the case, transfer it to an appropriate district, which in this case would be the Middle District of Florida. *See* 28 U.S.C. §§ 1406(a) (permitting transfer to a district where venue is proper), 85(a) (describing geographic coverage of the Middle District of Florida). The Court will transfer the case if Leon's prefers transfer to dismissal; the two alternatives have different consequences regarding appealability. The case is set for a status hearing on August 27, 2015 at 9:30 a.m. so that Leon's can advise the Court regarding its preference in this regard.

Date: August 19, 2015

_____
MATTHEW F. KENNELLY
United States District Judge